FILED
UNITED STATES DISTRICT COURT
LAS CRUCES, NEW MEXICO

DEC 0 6 2016

MATTHEW J. DYKMAN
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                 No. 16-CR-2181 KG

MANUEL CARREON-CHAVIRA,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This Matter is before the Court upon *Movant/Defendant's Motion for Extension of Time in Which to File a Notice of Appeal* ("Motion"), filed on November 9, 2016, (Doc. 99), and the *United States' Response to Defendant's Motion for Extension of Time in Which to File a Notice of Appeal*, filed on November 21, 2016. (Doc. 102). In the Motion, Defendant Manuel Carreon-Chavira requests that this Court grant him a thirty-day extension by which to file a notice of appeal. Because Defendant has not stated excusable neglect or good cause for the delay in filing the notice, the Court will DENY the Motion.

In a criminal case, a defendant's notice of appeal must be filed in the district court within fourteen days after the Court enters judgment. FED. R. APP. P. 4(b)(1)(A)(i). The Court may extend the time to file a notice of appeal upon a finding of excusable neglect or good cause. *Id*. at 4(b)(4).

In determining whether a defendant has demonstrated excusable neglect, the Court considers "the danger of prejudice to [the nonmoving party], the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Bishop v.*

*Corsentino*, 371 F.3d 1203, 1206 (10th Cir. 2004) (citing *City of Chanute, Kan. V. Williams Natural Gas Co.*, 31 F.3d 1041, 1046 (10th Cir. 1994)). The Tenth Circuit has noted that "[t]he time for taking an appeal should not be extended in the 'absence of circumstances that are unique and extraordinary.'" *Id*. at 1206–07 (citing *Gooch v. Skelly Oil Co.*, 493 F.2d 366, 370 (10th Cir. 1974)).

On the other hand, "[t]he concept of good cause 'take[s] account of a narrow class of cases in which a traditional excusable neglect analysis would be inapposite." *Bishop*, 371 F.3d at 1207 (citing *Mirpuri v. ACT Mfg., Inc.*, 212 F.3d 624, 630 (1st Cir. 2000)). "Good cause 'comes into play in situations in which there is no fault—excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant.'" *United States v. Cortez-Perez*, 317 F. App'x 829, 831–32 (10th Cir. 2009) (citing *Bishop*, 371 F.3d at 1207).

In support of his request for an extension, Defendant states that he is proceeding *pro se* and is incarcerated, and thus only has access to legal reference materials during the open hours of his correctional institutional law library. (Doc. 99) at 1. As a result, Defendant maintains that he requires more time to formulate his arguments to form the basis of his appeal. *Id*. at 1–2.

Upon review of the record, the Court finds that Defendant has stated neither excusable neglect nor good cause. A litigant's status as *pro se* and incarcerated, alone, does not form a basis for excusable neglect or good cause.[1] Indeed, "*pro se* parties follow the same rules of

---

[1] Because Defendant is proceeding *pro se*, the Court has also considered whether the Motion may be construed as a notice of appeal, noting that the Motion was filed within the fourteen-day deadline. A notice of appeal "shall specify the party or parties taking the appeal; shall designate the judgment, order, or part thereof appealed from; and shall name the court to which the appeal is taken." FED. R. APP. P. 3(c). "[W]hen papers are 'technically at variance with the letter of [Rule 3], a court may nonetheless find that the litigant has complied with the rule if the litigant's action is the functional equivalent of what the rules requires.'" *Smith v. Barry*, 502 U.S. 244,

procedure that govern other litigants." *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (citing *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992)). Further, the Tenth Circuit routinely upholds denials of extensions in similar circumstances. *See United States v. Cortez-Perez*, 317 F. App'x 829, 830–32 (10th Cir. 2009) (finding no good cause or excusable neglect where defendant did not speak English); *Goldwyn v. Donahoe*, 562 F. App'x 655, 657–5 (10th Cir. 2014) (explaining that *pro se* plaintiff's ignorance of the rules is simply insufficient to establish good cause or excusable neglect); *United States v. Widjaja*, 291 F. App'x 163, 164 (10th Cir. 2008) (holding that district court did not abuse discretion in deciding that defendant's ignorance of law and good faith error did not constitute good cause or excusable neglect for untimely filing).

Accordingly, IT IS THEREFORE ORDERED that the Court will DENY *Movant/Defendant's Motion for Extension of Time in Which to File a Notice of Appeal*. (Doc. 99).

*[signature]*
UNITED STATES DISTRICT JUDGE

---

248 (1992) (internal citations omitted). However, while "[c]ourts will liberally construe the requirements of Rule 3[,]" the "principle of liberal construction does not . . . excuse noncompliance with the Rule." *Id.* Here, even liberally construing Rule 3, the Court determines that Defendant has failed to include the requirements of the Rule in his Motion. As a result, the Court will not construe the Motion as a notice of appeal.